UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARILYN SUE GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00068-MDH |
| ) | |
| MARTIN J. O'MALLEY, ) | |
| Commissioner Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff Marilyn Gordon's appeal of Defendant Social Security Administration Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act. Plaintiff exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the Commissioner's decision is not supported by substantial evidence in the record as a whole and the decision is reversed and remanded.

## BACKGROUND

This case was previously remanded to the Commissioner for further proceedings by this Court under Case No. 20-00507-CV-MDH-SSA. Plaintiff states she is 54 years old with a high school education and became disabled primarily due to congestive heart failure, but also due to residuals from a left hip fracture with reinjury. Plaintiff contends her allegations of disability are supported by her treating physician, Dr. Brewster.

Plaintiff protectively filed her initial application for Title II disability benefits on 3/15/18, alleging an onset date of disability of 11/5/17. After denials at the state agency level of adjudication

1

and a hearing, the claim was denied by an Administrative Law Judge (ALJ) on 7/31/19. Plaintiff appealed the denial to the Appeals Council which declined review via letter dated 5/7/20. Plaintiff then appealed to this Court, which agreed that the ALJ had erred and remanded the matter for additional proceedings, instructing the ALJ to obtain a medical opinion as to Plaintiff's functional limitations. The same ALJ held another hearing by video on 11/2/22 and again denied Plaintiff's claim on 11/14/22.

The ALJ determined Plaintiff had not engaged in substantial gainful activity since her onset date of 11/5/17 through her date last insured of 12/31/17. At step two, the ALJ found Plaintiff to have a "severe" impairment of congestive heart failure (CHF). The ALJ determined Plaintiff's history of left hip fracture with re-injury and hypertension were "non-severe." The ALJ concluded Plaintiff's impairments did not meet or equal a listed impairment at step three. Prior to proceeding to steps four and five of the sequential evaluation process, the ALJ established the following RFC:

> light work; lifting and/or carrying 20 pounds occasionally, 10 pounds frequently; sit 3 hours at a time for a total of 8 hours; stand 1 hour at a time for a total of 4 hours; walk 30 minutes at a time for a total of 2 hours; never climb ladders, ropes, scaffolds; occasionally climb ramps and stairs; frequently balance, stoop, kneel, crouch; occasional exposure to concentrated levels of extreme cold, heat, humidity, noxious fumes/odors, dusts, mists, gases, and poor ventilation; no unprotected heights or hazardous moving machinery; no driving as part of the job duties; never crawl.

The ALJ found Plaintiff could no longer perform her past relevant work. Relying on the testimony of a VE at step five, the ALJ found Plaintiff could perform other work as a storage facility rental clerk, marking clerk, and office helper.

Plaintiff's Statement of Facts sets forth the following:

> Dr. David Marty opined on 7/13/18 that there was insufficient evidence in the record to assess Gordon's functional limitations, although it was clear that, by March of 2018, Gordon had significant issues. The ALJ found Dr. Marty's opinions

2

not persuasive.

Dr. Allan Goldstein was asked by the ALJ to issue an opinion as to Plaintiff's functional limitations. Dr. Goldstein indicated that he was unable to answer the interrogatories as to Plaintiff's functional limitations because no data after 4/24/19 was available to him. On 8/15/22, Dr. Goldstein then completed a checkbox form purportedly for the period 11/5/17-12/31/17. Dr. Goldstein opined that Plaintiff could continuously lift and/or carry up to 10 pounds and frequently lift and/or carry 11-20 pounds. Asked to identify the particular medical or clinical findings supporting his assessment and why the findings support the assessment, Dr. Goldstein indicated "See item 6." Dr. Goldstein also checked boxes indicating that Plaintiff could sit 3 hours at a time for a total of 8 hours; stand 1 hour at a time for a total of 4 hours; sit 30 minutes at a time for a total of 2 hours. Asked if Plaintiff required the use of a cane, Dr. Goldstein checked "no." Asked to identify the particular medical or clinical findings supporting his assessment and why the findings support the assessment, Dr. Goldstein indicated "See item 6." Dr. Goldstein checked boxes indicating that Plaintiff could continuously reach, handle, finger, and push/pull and could frequently operate foot controls. Asked to identify the particular medical or clinical findings supporting his assessment and why the findings support the assessment, Dr. Goldstein indicated "See item 6." Dr. Goldstein checked boxes indicating that Plaintiff could occasionally climb ladders, scaffolds, ramps, and stairs; frequently balance, stoop, kneel, crouch, and crawl. Asked to identify the particular medical or clinical findings supporting his assessment and why the findings support the assessment, Dr. Goldstein indicated "See item 6." Dr. Goldstein checked boxes indicating that Plaintiff could occasionally be exposed to unprotected heights, humidity and wetness, odors, dusts, fumes, and pulmonary irritants; and frequently be exposed to moving mechanical parts, extreme cold, extreme heat, and operating a motor vehicle. Plaintiff could continuously be exposed to vibrations. Asked to identify the particular medical or clinical findings supporting his assessment and why the findings support the assessment, Dr. Goldstein indicated "See item 6." Dr. Goldstein indicated that Plaintiff's limitations began on 11/5/17 and would last for a period of 12 months. On the document wherein Dr. Goldstein indicated he could not evaluate Plaintiff's limitations as he did not have current information and/or information after 9/24/19, there is an item numbered "6." Dr. Goldstein listed Plaintiff's medically determinable impairments as: palpitations, shortness of breath, HPT, pneumonia, ascites, ovarian mass, EF (ejection fraction) 15-20%, etoh abuse, Case 4:23-cv-00068-MDH Document 10-1 Filed 06/10/23 Page 9 of 10 10 normal EF, ___ pain, neg. myocardial perfection test, (CHF) congestive heart failure, and hip fracture.

Defendant admits Plaintiff's SOF.

Plaintiff appeals arguing the ALJ's RFC is unsupported by substantial evidence. Plaintiff

3

states the ALJ rejected the opinions of Dr. Marty that there was insufficient evidence as to Plaintiff's functional limitations, finding them unpersuasive. This Court, citing 20 C.F.R. 404.1520b(b), found there were no other medical opinions as to Plaintiff's functional limitations, and remanded Plaintiff's case with instructions to the ALJ to obtain a medical opinion. On remand, the ALJ solicited the opinions of Dr. Goldstein, whose opinions she subsequently found to be persuasive, well-supported by, and consistent with the evidence.

Plaintiff's appeal argues that while the ALJ purportedly found the opinions to be persuasive, she did not adopt Dr. Goldstein's opinions; instead, she used only parts of opinions, relying on her own purported "medical expertise," and, again, leaving her RFC unsupported by substantial evidence. Further, Plaintiff states Dr. Goldstein's opinions are not "well-supported."

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Id.* at 1154. "It means - and means only - 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

## DISCUSSION

Here, after a review of the record, the Court agrees with Plaintiff's arguments. The ALJ found Dr. Goldstein's opinions were supported by a longitudinal assessment of documentary evidence. However, Dr. Goldstein's opinion is provided on a checklist form. While not dispositive, Dr. Goldstein did not examine Plaintiff, and does not indicate what specific medical records he reviewed or relied upon. Dr. Goldstein provides no assessment as to what records he relied upon or how any medical evidence informed his opinions.

Dr. Goldstein's checklist form provides no written report. In addition, in response to questions about the formation of his opinion he simply refers to other items on the checklist without any explanation as to why the listing of impairments support any limitations. In this instance, the Court finds the opinion of Dr. Goldstein, that is provided on a check-list form with no written report and no further explanation as to the basis of any such opinion, is not substantial evidence.

5

See *Swarthout v. Kijakazi*, 35 F.4th 608, 611 (8th Cir. 2022)(holding an opinion was of little evidentiary value because it was rendered on a check box form); *Adkins v. Comm'r, Soc. Sec. Admin.*, 911 F.3d 547, 550 (8th Cir. 2018) (without citations to evidence and narrative explanation, checkbox forms have little evidentiary value); *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018)(same); *O'Leary v. Schweiker*, 710 F.2d 1334, 1341 (8th Cir.1983)( checking a box on a form, without more, cannot amount to substantial evidence).

In addition, Plaintiff points out that on remand the ALJ had variances in the RFC that do not "align." Defendant argues on remand the ALJ was to conduct a review *de novo* of Plaintiff's claims. While this is true, the ALJ still must explain how the RFC is supported. Here, the Court agrees with Plaintiff that the ALJ did not explain the inconsistencies in the record, the RFC, and Dr. Goldstein's opinions. As argued in the brief, "the variances in the ALJ's RFCs cannot be attributed to Dr. Goldstein's opinions as the ALJ stated 'additional postural and environmental limitations were warranted,' giving Plaintiff 'benefit of the doubt and considering testimony that activity and environmental exposures worsened her symptoms.'" The Court finds this is reversible error.

## CONCLUSION

Wherefore, for the reasons set forth therein, the Court again reverses and remands this case to the ALJ. The ALJ's RFC is unsupported by any medical opinion as to Plaintiff's functional limitations and the ALJ failed to fulfill her duty to develop the record fully and fairly, leaving the RFC unsupported by substantial evidence. Here, the ALJ did not adopt Dr. Goldstein's medical opinion, did not provide an explanation for the RFC, and the Court finds the RFC is unsupported by substantial evidence.

Case 4:23-cv-00068-MDH   Document 20   Filed 03/25/24   Page 6 of 7

**IT IS SO ORDERED.**

Dated: March 25, 2024

                                           */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **UNITED STATES DISTRICT JUDGE**